**732** MATTER OF CRAIG *v.* NEW YORK STATE BONUS COMMISSION.

First Department, November, 1924. [Vol. 210

---

In the Matter of the Application of MARGARET CRAIG, Petitioner, for an Order of Certiorari, Directed to the NEW YORK STATE BONUS COMMISSION, Respondent, in the Matter of the Application of ISABELLE MULLIGAN, an Infant.

First Department, November 14, 1924.

Pensions — certiorari to review action of New York State Bonus Commission in denying application of child of deceased soldier of World War for bonus under State Constitution, article 7, § 13, and Laws of 1924, chapter 19 — father of applicant died before Laws of 1924, chapter 19, took effect — statute gives bonus to next of kin only where soldier dies after statute took effect — remedy is in amendment to statute.

Section 13 of article 7 of the State Constitution providing for the payment of a bonus to honorably discharged soldiers, sailors and marines of the World War is permissive only, and since chapter 19 of the Laws of 1924, which was enacted to carry the constitutional provision into effect, does not provide for the payment of a bonus to the next of kin of a soldier of the World War who died prior to the taking effect of the statute, the State Bonus Commission was right in refusing the application of the petitioner, a child of a World War veteran who died before the statute took effect.

The only remedy which the petitioner has lies in an amendment to the statute providing for a bonus to be paid to next of kin of soldiers who died before the statute took effect.

CERTIORARI ORDER granted out of the Supreme Court at the New York Special Term on the 16th day of June, 1924, directed to the New York State Bonus Commission, commanding it to certify and return to the office of the clerk of the county of New York all and singular its proceedings had in disallowing the claim of Isabelle Mulligan, an infant, by her guardian, Margaret Craig, for the New York State soldiers' bonus of her deceased father, Patrick T. Mulligan, a veteran of the World War.

*William Tapley,* for the petitioner.

*Carl Sherman, Attorney-General* [*P. H. Clune, Deputy Attorney-General,* of counsel], for the respondent.

DOWLING, J.:

The essential facts alleged by the petitioner are admitted. They are as follows: Patrick T. Mulligan, a resident of the State of New York, enlisted at New York city in the United States Army on January 22, 1918. He was in active duty during the period of the World War, serving for about fourteen months with the army in France. As a soldier his service was honest and faithful, his character excellent. On June 2, 1919, he was honorably discharged at Camp Upton and returned to his home in New York city. On April 29, 1923, after a brief illness he died of pneumonia, leaving as his only next of kin two children, Isabelle Mulligan, aged fourteen, and Luke Mulligan, aged twelve. On June 7, 1924, Isabelle Mulligan filed with the New York State Bonus Commission, pursuant to its rules and regulations, an application for the bonus of her father, Patrick T. Mulligan. The form of the application was that prescribed by the New York State Bonus Commission to be used in applying for bonus of deceased soldiers. With the application were also filed a certified copy of the honorable discharge of Patrick T. Mulligan, a certified copy of death certificate and letters of guardianship appointing Margaret Craig the guardian of Isabelle Mulligan. Thereafter and on or about June 13, 1924, she was informed that the application had been considered by the New York State Bonus Commission and that her claim was disallowed.

This proceeding involves the construction of chapter 19 of the Laws of 1924, in conjunction with section 13 of article 7 of the State Constitution. This new section, added to the State Constitution on November 6, 1923, reads as follows:

" § 13. The Legislature may authorize by law the creation of a debt or debts of the State to provide for the payment of bonuses to honorably discharged soldiers, sailors and marines of the World War who were actual residents of the State at the time of their enlistment or induction into the military service of the United States. An apportionment of the moneys on the basis of the periods of service of the respective beneficiaries shall be provided for by general laws. The aggregate of the debts authorized by this section shall not exceed forty-five million dollars. The provisions of this article, not inconsistent with this section, relating to the issuance of bonds for a debt or debts of the State and the maturity and payment thereof, shall apply to a debt or debts created pursuant to this section; except that the law authorizing

the contracting of such debt or debts shall take effect without submission to the people pursuant to section four of this article."

Chapter 19 of the Laws of 1924 was passed pursuant to this constitutional grant of power. Section 6 of this act states who are entitled to receive the bonus. Subdivision A provides that " every honorably discharged soldier, sailor or marine, as hereinbefore defined, who, at the time of enlistment or induction to the military or naval service of the United States, was an actual resident of the State of New York shall be entitled to receive from the proceeds of the sale of the bonds hereinbefore provided, as a bonus, the sum of ten dollars for every entire month that such person was in active service in the military or naval forces of the United States during the World War."

Subdivision D provides as follows:

" D. The widow or widower, child or children, mother, father, brother and sister in the order named and none other of any such soldier, sailor or marine who, without having received payment of such bonus, dies after this act takes effect and prior to the expiration of the time for filing claim for bonus, as hereinafter provided, shall be paid the sum or allowance that such deceased soldier, sailor or marine would have been entitled to hereunder if such soldier, sailor or marine had lived."

This is the only provision of the act which refers to the next of kin of a deceased soldier. It provides only for payment of the bonus to the next of kin of a soldier who dies after the taking effect of the act and before the time for filing a claim for bonus expires.

There is no provision whatever made in the act for such a case as the present one, where the soldier had died before the act took effect.

The constitutional amendment of itself created no right to a bonus, but was permissive only, conferring the power upon the Legislature to provide for the payment of bonuses, but leaving the details of the payment to the Legislature.

Whether the failure to make provision in the act for any payment to the next of kin of soldiers who died before its enactment but after the passage of the constitutional amendment, was deliberate or accidental, the remedy for the situation thus created is by action of the Legislature or by further constitutional amendment, and the courts cannot read into the statute a provision nowhere to be found therein either directly or by implication.

The order of certiorari should, therefore, be dismissed and the determination confirmed, without costs.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order dismissed and determination confirmed, without costs.